IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>   Plaintiff,<br><br>   v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>   Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:07-CV-0012 (JR)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER

Defendant Office of Management and Budget hereby answers the Complaint of Plaintiff Citizens for Responsibility and Ethics in Washington (CREW).

### First Defense

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more exemptions to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

### Second Defense

The Court lacks subject-matter jurisdiction over Plaintiff's request for relief to the extent that the request exceeds relief authorized by the FOIA.

### Third Defense

Defendant responds to the Complaint as follows:

1. Paragraph one contains Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to bring this action under the FOIA.

2.  Paragraph two contains Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff's Complaint purports to seek declaratory and injunctive relief.

3.  Paragraph three constitutes legal conclusions to which no response is required.

4.  Defendant is without knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph four.

5.  Defendant is without knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph five.

6.  The first sentence of paragraph six is based upon legal conclusions to which no response is required, and to the extent that a response is required, Defendant denies the allegations contained in paragraph six. In response to the second sentence of paragraph six, Defendant is without knowledge or information sufficient to form a belief as to the accuracy of the allegations contained therein.

7.  Defendant is without knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph seven.

8.  Paragraph eight constitutes legal conclusions to which no response is required. To the extent that a response is required, the cited statute speaks for itself, and Defendant denies the allegations set forth in paragraph eight to the extent that they are inconsistent with the cited statute.

9.  Paragraph nine constitutes legal conclusions to which no response is required. To the extent that a response is required, the cited statute speaks for itself, and Defendant denies the allegations set forth in paragraph nine to the extent that they are inconsistent with the cited

statute.

10. Paragraph ten constitutes legal conclusions to which no response is required. To the extent that a response is required, the cited statute speaks for itself, and Defendant denies the allegations set forth in paragraph ten to the extent that they are inconsistent with the cited statute.

11. Paragraph eleven constitutes legal conclusions to which no response is required. To the extent that a response is required, the cited statute speaks for itself, and Defendant denies the allegations set forth in paragraph eleven to the extent that they are inconsistent with the cited statute.

12. Paragraph twelve constitutes legal conclusions to which no response is required. To the extent that a response is required, the cited statute speaks for itself, and Defendant denies the allegations set forth in paragraph twelve to the extent that they are inconsistent with the cited statute.

13. Paragraph thirteen constitutes legal conclusions to which no response is required. To the extent that a response is required, the cited statute speaks for itself, and Defendant denies the allegations set forth in paragraph thirteen to the extent that they are inconsistent with the cited statute.

14. Paragraph fourteen constitutes legal conclusions to which no response is required. To the extent that a response is required, the cited statute speaks for itself, and Defendant denies the allegations set forth in paragraph fourteen to the extent that they are inconsistent with the cited statute.

15. In response to paragraph fifteen, Defendant admits that the cited website purports to contain a report prepared for Representative Henry A. Waxman. Defendant avers that the

website speaks for itself, and respectfully refers the Court to the website for a full and complete statement of its contents.

16.   Defendant avers that the report cited in paragraph sixteen speaks for itself, and respectfully refers the Court to the report for a full and complete statement of its contents.

17.   Defendant denies the first sentence of paragraph seventeen, and avers that the cited report alleges that, in total, pregnancy resource centers have received more than $30 million in federal funding and that most of that funding has been obtained through funding of abstinence education. Defendant denies the second sentence of paragraph seventeen, and avers that the cited pages of the report allege that pregnancy resource centers have received approximately $1 million of the total federal funding available through the Compassion Capital Fund.

18.   Defendant avers that the report cited in paragraph eighteen speaks for itself, and respectfully refers the Court to the report for a full and complete statement of its contents. Moreover, Defendant is without knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph eighteen.

19.   Defendant avers that the report cited in paragraph nineteen speaks for itself, and respectfully refers the Court to the report for a full and complete statement of its contents. Moreover, Defendant is without knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph nineteen.

20.   Defendant avers that the report cited in paragraph twenty speaks for itself, and respectfully refers the Court to the report for a full and complete statement of its contents.

21.   Defendant avers that the article cited in paragraph twenty-one speaks for itself, and respectfully refers the Court to the article for a full and complete statement of its contents.

22.     Defendant denies the allegation in paragraph twenty-two. Contrary to the assertion in paragraph twenty-two, Defendant avers that the article alleges that there are about 2,000 centers in the United States and Canada, but does not allege that that number of centers receives federal funding.

23.     Defendant avers that the website cited in paragraph twenty-three speaks for itself, and respectfully refers the Court to the website for a full and complete statement of its contents.

24.     In response to paragraph twenty-four, Defendant admits that it received a FOIA request from Plaintiff by a letter dated August 4, 2006. Defendant avers that the FOIA request speaks for itself, and respectfully refers the Court to the FOIA request for a full and complete statement of its contents.

25.     In response to paragraph twenty-five, Defendant avers that the FOIA request speaks for itself, and respectfully refers the Court to the FOIA request for a full and complete statement of its contents.

26.     In response to paragraph twenty-six, Defendant denies that it responded to Plaintiff's FOIA request in 2005, and Defendant avers that it sent a letter dated September 22, 2006 to Plaintiff. Defendant avers that the letter speaks for itself, and respectfully refers the Court to the letter for a full and complete statement of its contents. To the extent that the allegations in paragraph twenty-six are inconsistent with the letter, Defendant denies them.

27.     In response to paragraph twenty-seven, Defendant admits that it received a letter dated September 27, 2006 from CREW. Defendant avers that the letter speaks for itself, and respectfully refers the Court to the letter for a full and complete statement of its contents.

28.     In response to paragraph twenty-eight, Defendant admits it sent a letter dated

November 9, 2006 to Plaintiff. Defendant avers that the letter speaks for itself, and respectfully refers the Court to the letter for a full and complete statement of its contents. To the extent that the allegations in paragraph twenty-eight are inconsistent with the letter, Defendant denies them.

29. Defendant denies the allegations contained in paragraph twenty-nine, and avers that Defendant's counsel sent a letter to CREW's counsel dated February 8, 2007. A copy of the letter dated February 8, 2007 is attached as Exhibit A, and is incorporated herein by reference.

30. Paragraph thirty constitutes legal conclusions to which no response is required.

31. In response to paragraph thirty-one, Defendant incorporates by reference its answers to the preceding paragraphs.

32. Paragraph thirty-two constitutes legal conclusions to which no response is required.

33. Paragraph thirty-three constitutes legal conclusions to which no response is required.

34. Paragraph thirty-four constitutes legal conclusions to which no response is required.

The remaining paragraphs of the Complaint contain Plaintiff's Prayer for Relief to which no response is required. To the extent that a response is required, Defendant denies Plaintiff's Prayer for Relief.

Except to the extent expressly admitted or qualified in this Answer, Defendant denies each and every allegation in the Complaint.

WHEREFORE, Defendant respectfully requests that this action be dismissed with prejudice and that Defendant be granted such further and other relief as the Court deems just and

proper, including costs.

          Respectfully submitted,

          PETER D. KEISLER
          Assistant Attorney General

          JEFFREY A. TAYLOR
          United States Attorney

          ELIZABETH J. SHAPIRO
          Assistant Director
          D.C. Bar No. 418925
          Federal Programs Branch

          /s/ Julia J. Yoo
          JULIA J. YOO
          Trial Attorney
          D.C. Bar No. 486371
          U.S. Department of Justice
          Civil Division, Federal Programs Branch
          <u>Mailing Address</u>
          P.O. Box 883 Ben Franklin Station
          Washington, D.C. 20044
          <u>Delivery Address</u>
          20 Massachusetts Avenue, N.W., Room 7336
          Washington, D.C. 20001
          Telephone: (202) 514-3313
          Facsimile: (202) 318-2627
          julia.yoo@usdoj.gov

          Attorneys for Defendant

Dated: February 8, 2007

# EXHIBIT A

Case No. 1:07-CV-0012 (JR)



**U.S. Department of Justice**

*Mailing Address*  
Room 7336  
P.O. Box 883  
Washington, D.C. 20044

*Street Address*  
Room 7336  
20 Massachusetts Avenue, N.W.  
Washington, D.C. 20001

Julia J. Yoo  
Trial Attorney

*Telephone:*  
(202) 514-3313

February 8, 2007

VIA ELECTRONIC MAIL

Kimberly D. Perkins, Esq.  
Citizens for Responsibility and  
 Ethics in Washington  
1400 I Street, N.W.  
Suite 450  
Washington, D.C. 20005  
kperkins@citizensforethics.org

      Re:   <u>Citizens for Responsibility and Ethics in Washington v. Office of Management and Budget</u>, No. 07-CV-0012 (JR) (D.D.C.)

Dear Ms. Perkins:

      I am writing to update you on the status of CREW's Freedom of Information Act (FOIA) request at issue in the above-captioned case, regarding "pregnancy resource centers" or "crisis pregnancy centers," including OMB's agreement to release certain redacted documents, and to seek clarification with respect to item number 17 in the FOIA request, to which the Office of Management and Budget (OMB) is hoping to respond in the near future.

      As background and as you probably already are aware from our recent correspondence in CREW's FOIA case against the Department of Health and Human Services (HHS), more than 900 grantees, consisting of a wide variety of entities, have received funding through the Compassion Capital Fund (CCF). The 2006 Waxman report relied upon by CREW's Complaint in this case alleges that twenty-five (25) of those CCF grantees are pregnancy resource centers, which is a tiny fraction of the total number of CCF grantees. Whether an entity is considered a pregnancy resource center is not determinative of whether it is eligible for funding through CCF. Moreover, OMB's level of involvement with CCF is from the perspective of a broad, general overview, and it is highly unlikely that it would be involved with funding to particular grantees. Accordingly, although OMB located four potentially responsive documents, they may not be responsive to the FOIA request, especially given that they do not appear to concern federal funding to particular entities. Out of an abundance of caution, however, OMB identified the four documents as being potentially responsive.

      Three of the four withheld documents are largely duplicative portions of e-mail chains dated 2005 concerning a draft report, which is the fourth withheld document. The longest e-mail

-2-

chain contains all the portions of the e-mail chain contained in the other two withheld e-mail chains. Accordingly, in effect, there were only two withheld documents at issue, i.e., the longest e-mail chain and the draft report attached to or discussed in the e-mail chain. The report is still in draft form and has not been finalized. Accordingly, OMB continues to withhold it as being protected by the deliberative process privilege.

As for the longest e-mail chain, OMB has agreed to release much of it in a redacted version of the longest e-mail chain, which is attached to this letter. OMB, out of an abundance of caution, also has identified an additional, potentially responsive e-mail chain dated 2006, regarding the draft report and written after OMB's initial response to CREW's FOIA request. OMB has agreed to release a redacted version of the additional e-mail chain, which is attached.

Lastly, the Complaint in this case interprets CREW's FOIA request as regarding pregnancy resource centers. (See Compl. ¶¶ 1, 24.) Item number 17 in the FOIA request seeks "[a]ll documents and records of any evaluation or analysis of the effectiveness of the work or programs funded by the Compassion Capital Fund." OMB seeks clarification as to whether, consistent with the Complaint, the scope of item 17 should be understood to mean those documents or records of such evaluation or analysis that specifically regard pregnancy resource centers, or whether the scope of item 17 encompasses documents or records for CCF generally, regardless of whether they concern pregnancy resource centers in particular.

I look forward to hearing from you. Due to delays resulting from the screening of our regular mail, the best way to send any communications to me are either through Federal Express to the street address noted above, electronic mail (julia.yoo@usdoj.gov), or fax (my fax number is 202-318-2627). Thank you.

Sincerely,

Julia J. Yoo
Federal Programs Branch
Civil Division

Enclosures

Case 1:07-cv-00012-JR   Document 2   Filed 02/08/2007   Page 11 of 16
FW: Final Report for abstinence curricula
Page 1 of 3

## Park, Kristy

**From:** Nestor, Johanna [JNestor@OSOPHS.DHHS.GOV]
**Sent:** Wednesday, May 18, 2005 3:11 PM
**To:** Ramsey, Terrill W.
**Cc:** Park, Kristy
**Subject:** RE: Final or Draft? RE: Final Report for abstinence curricula

Sorry - it is still in draft form meaning, it's not been cleared for release to the public.

J

---

**From:** Ramsey, Terrill W. [mailto:Terrill_W._Ramsey@omb.eop.gov]
**Sent:** Wednesday, May 18, 2005 3:11 PM
**To:** Nestor, Johanna
**Cc:** Park, Kristy
**Subject:** Final or Draft? RE: Final Report for abstinence curricula

Question - Subject line says final report and file and document are marked draft. Which is correct?

> terry.
> (202-395-3812)
> tramsey@omb.eop.gov

---

**From:** Nestor, Johanna [mailto:JNestor@OSOPHS.DHHS.GOV]
**Sent:** Wednesday, May 18, 2005 2:44 PM
**To:** Ramsey, Terrill W.
**Cc:** Park, Kristy; Golden, Alma
**Subject:** RE: Final Report for abstinence curricula

Hi folks,

Sorry about the delay.

Here is the draft copy of the report.

Johanna

---

**From:** Ramsey, Terrill W. [mailto:Terrill_W._Ramsey@omb.eop.gov]
**Sent:** Wednesday, May 18, 2005 1:54 PM
**To:** Nestor, Johanna
**Cc:** Park, Kristy
**Subject:** FW: Final Report for abstinence curricula

Just following up to see if there is any information on the status of this report and when a copy may be available as discussed below.

Thanks,

terry.

(202-395-3812)

tramsey@omb.eop.gov

---

**From:** Douglas, Sarah M.
**Sent:** Thursday, March 10, 2005 9:56 AM
**To:** "'Nestor, Johanna'" <JNestor@OSOPHS.DHHS.GOV>@EOP'
**Cc:** Ramsey, Terrill W.; Smalligan, Jack A.; Miller, Julie; 'Golden, Alma'
**Subject:** RE: Final Report for abstinence curricula

Hi Johanna

I apologize for any confusion. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Thank you for your prompt response.

Sarah

---

**From:** "Nestor, Johanna" <JNestor@OSOPHS.DHHS.GOV>@EOP

**Sent:** Thursday, March 10, 2005 9:29 AM

**To:** Douglas, Sarah M.

**Cc:** Ramsey, Terrill W.; Smalligan, Jack A.; Miller, Julie; Golden, Alma

**Subject:** RE: Final Report for abstinence curricula

---

Hi Sarah!

I am sorry I did not follow up yesterday. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thanks!

Johanna

From: Douglas, Sarah M. [mailto:Sarah_M._Douglas@omb.eop.gov]

Sent: Thursday, March 10, 2005 9:24 AM

To: Nestor, Johanna

Cc: Ramsey, Terrill W.; Smalligan, Jack A.; Miller, Julie; Golden, Alma

Subject: Final Report for abstinence curricula

Johanna



Thank You.

&lt;mailto:jnestor@osophs.dhhs.gov&gt;

Sarah Douglas

(202) 395-4689

- att1.htm << File: att1.htm >>

2/8/2007

**Park, Kristy**

| | |
|---|---|
| From: | Reed, McGavock D. |
| Sent: | Tuesday, October 10, 2006 4:53 PM |
| To: | Ramsey, Terrill W. |
| Cc: | Park, Kristy |
| Subject: | RE: Community Guide for Implementing Effective Abstinence Education-Applying Science to Abstinence Programs |

Thank you Terry for your follow through. Mac

---

**From:** Ramsey, Terrill W.
**Sent:** Tuesday, October 10, 2006 4:45 PM
**To:** Reed, McGavock D.
**Cc:** Park, Kristy
**Subject:** FW: Community Guide for Implementing Effective Abstinence Education-Applying Science to Abstinence Programs

This just came in right after your e-mail which confirms what I thought.

> terry.
> (202-395-3812)
> tramsey@omb.eop.gov

---

**From:** Nestor, Johanna (HHS/OPHS) [mailto:Johanna.Nestor@hhs.gov]
**Sent:** Tuesday, October 10, 2006 4:44 PM
**To:** Ramsey, Terrill W.
**Subject:** RE: Community Guide for Implementing Effective Abstinence Education-Applying Science to Abstinence Programs

Hi Terry,

███████████████████████

Johanna

-----Original Message-----
From: Ramsey, Terrill W. [mailto:Terrill_W._Ramsey@omb.eop.gov]
Sent: Tue 10/10/2006 3:21 PM
To: Nestor, Johanna (HHS/OPHS)
Subject: Community Guide for Implementing Effective Abstinence Education-Applying Science to Abstinence Programs

███████████████████████

Thanks.

> terry.

2/8/2007

(202-395-3812)

tramsey@omb.eop.gov

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 83.2(j)**

I hereby certify, pursuant to Local Civil Rule 83.2(j), that I am personally familiar with the Local Rules of this Court.

                                      /s/ Julia J. Yoo
                                      Julia J. Yoo

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2007, I caused the foregoing Certificate of Compliance with Local Civil Rule 83.2(j) and Defendant's Answer, with its Attachment, to be served on Plaintiff's counsel of record electronically by means of the Court's ECF system.

                                        /s/ Julia J. Yoo
                                      Julia J. Yoo